# Exhibit A

**JUDGE JEFF M ADDISON**
**COUNTY COURT AT LAW**
**COURT DOCKET**

**17C0129-CCL**                          **02/06/17**

**LARRY THORNTON**
**VS.**
**WEST COAST LIFE INSURANCE COMPANY**
Contract - Other

A CERTIFIED COPY
ATTEST: BILLY FOX
DISTRICT CLERK
BOWIE COUNTY, TEXAS
MARCH 3, 2017
KAREN RANEY, DEPUTY



**PLAINTIFF ATTY:**               **GEOFFREY P CULBERTSON**
**DEFENDANT ATTY:**

| DATE OF ORDERS | ORDERS OF COURT |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |



$7.040
US POSTAGE
FIRST-CLASS
062S0008941930
75503

SHREVEPORT LA. 711
TUE 07 FEB 2017 PM



*FROM* **PATTON, TIDWELL & CULBERTSON, L.L.P.**
ATTORNEYS AT LAW
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, Texas 75505-5398

*TO*

West Coast Life Ins. Co.
c/o CT Corporation Registered Agent
1999 Bryan St. Suite 900
Dallas, TX 75201

7015 0640 0005 2373 1521

CITATION-PERSONAL SERVICE
THE STATE OF TEXAS
17C0129-CCL
LARRY THORNTON VS. WEST COAST LIFE INSURANCE COMPANY

TO   WEST COAST LIFE INSURANCE COMPANY
     BY SERVING: CT CORPORATION, REGISTERED AGENT
     1999 BRYAN ST, SUITE 900
     DALLAS, TX 75201

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION W/DISCOVERY (OCA) in the above styled and numbered cause, which was filed on February 06, 2017 in the County Court at Law of Bowie County, New Boston, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, ON THIS THE 7TH DAY OF FEBRUARY, 2017.

ATTY FOR PETITIONER OR PETITIONER

GEOFFREY P CULBERTSON
2800 TEXAS BLVD
P O BOX 5398
TEXARKANA TX  75505

BILLY FOX
BOWIE COUNTY DISTRICT CLERK
710 JAMES BOWIE DRIVE
NEW BOSTON, TX 75570

BY:  /s/ Theresa Capps
                        DEPUTY

OFFICER'S RETURN

Came to hand on the _____day of_____, _____, at _____ o'clock ___.M.
EXECUTED at _____, within the County of _____, at _____o'clock ____.M. on
the_____day of_____, _____, by delivering to the within named _____, in person a true
copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

NOT EXECUTED, the diligence used to execute being _____; for the following reason_____, the
defendant may be found _____.

FEE FOR SERVING CITATION: $_____          TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

                                             _____ SHERIFF/CONSTABLE
                                             _____ COUNTY, TEXAS
                                             BY:_____ DEPUTY

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address is
_____(First, Middle, Last) ·
_____ (Street, City, State, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20 ____.

_____          _____
Declarant/Authorized Process Server        (ID # & Expiration of Certification)

Filed 2/6/2017 4:34:12 PM
Billy Fox
District Clerk
Bowie County, Texas
Theresa Capps, Deputy

CAUSE NO. 17C0129-CCL

| | | |
|---|---|---|
| LARRY THORNTON,<br>    *Plaintiff,* | § <br> § <br> § | IN THE COUNTY COURT AT LAW |
| v. | § <br> § | OF |
| WEST COAST LIFE INSURANCE<br>COMPANY<br>    *Defendant.* | § <br> § <br> § | BOWIE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW Plaintiff, Larry Thornton, and for his Original Petition against West Coast Life Insurance Company respectfully shows the Court as follows:

### Discovery Control Plan

1.  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### Parties

2.  Plaintiff, Larry Thornton ("Thornton" "Plaintiff" or "Beneficiary"), is a citizen and resident of Bowie County Texas.  Plaintiff is the designated primary beneficiary of West Coast Life Insurance Policy Number Z00957571.  The last 3 digits of Plaintiff's DL are 889 and the last 3 digits of his SSN are 990.

3.  Defendant, West Coast Life Insurance Company ("West Coast" or "Plaintiff") is, on information and belief, an insurance company organized under the laws of Alabama and may be served through its registered agent, CT Corporation 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**Jurisdiction**

4.      This Court has personal jurisdiction over Defendant because it maintains systematic contacts with Texas, maintains a registered agent for service of process in Texas, does business in Bowie County and committed actions in and directed towards Bowie County, Texas giving rise to this action.  The damages Plaintiff seeks are within the jurisdictional limits of this Court.

5.      The Court has jurisdiction over the subject matter of this action because the amount in controversy is within the Court's jurisdictional limits.

**Venue**

6.      Venue is proper under section 15.032 of the Texas Civil Practice and Remedies Code because the loss giving rise to this claim occurred in Bowie County and Plaintiff/Beneficiary resided in Bowie County as the time this cause of action accrued.

**Facts**

1.      Edwina A. Thornton, deceased, was Plaintiff's wife.  Mrs. Thornton applied for, among other coverage, $100,000.00 of term life insurance coverage with Defendant on January 30, 2002.  The 2002 Life Insurance Application is attached as Exhibit A. Defendant accepted her application and issued Policy Number Z00957571 ("the Policy") for $100,000.00 to be paid upon Mrs. Thornton's death.  Plaintiff was designated as the Primary Beneficiary of the Policy. The Policy is attached as Exhibit B.

2.      Due to a failure of notice, Mrs. Thornton was late in making the January 11, 2011 premium payment.  Defendant refunded Mrs. Thornton's late premium payment in March of 2011 contending that the Policy had lapsed.  Mrs. Thornton then applied to reinstate the Policy

2

on April 18, 2011.  The Application for Reinstatement is attached as Exhibit C.  Defendant accepted the Application for Reinstatement and coverage resumed in the amount of $100,000.00.

3.     Mrs. Thornton died on November 23, 2012.  All premiums on the Policy were paid in full. Thereafter Plaintiff, as Beneficiary, presented his claim for benefits under the Policy. Despite Plaintiff's cooperation in making all relevant information available to Defendant and its independent claims investigator, Defendant denied the claim.

4.     Defendant's basis for the denial is that Mrs. Thornton was not truthful in her Application for Reinstatement.  Specifically, Defendant contends that the following answer to Question 9(c) in Mrs. Thornton's Application for Reinstatement was dishonest:

| | Insured | |
|---|:---:|:---:|
| | **YES** | **NO** |
| 9  Other than as stated above, has any Insured within the past 5 years | | |
| a) consulted, received treatment or advice from, been prescribed medication by any other medical advisor? | ☐ | ☑ |
| b) had any abnormal diagnostic tests (such as but not limited to lab work, PSA - Prostate Specific Antigen, PAP Smears, urinalysis)? | ☐ | ☑ |
| c) been aware of any symptoms for which a medical advisor has not yet been consulted? | ☐ | ☑ |
| d) been advised to have any diagnostic test, consultation, hospitalization or surgery that has not been completed? | ☐ | ☑ |

Ex. C at P. 2.  According to Defendant, the response was dishonest because, after providing it, Mrs. Thornton for the first time reported to a doctor that she'd experienced stroke-like symptoms including, but not limited to left hand numbness, shortness of breath and falls.

5.     However, during the appeal of Defendant's initial determination, Defendant was presented with information and records from March of 2009 when Mrs. Thornton reported to Wadley Hospital with stroke like symptoms, near syncope, feeling as though she was going to pass and/or black out, head ache, and left hand numbness.

6.     Despite being presented with this information and a supporting letter from Mrs. Thornton's physician, on March 25, 2014 Defendant denied Plaintiff's appeals, insisting that Mrs. Thornton was untruthful in her Application for Reinstatement.

3

**Count 1 – Breach of Contract**

7. The Policy is a valid and enforceable contract between Mrs. Thornton and Defendant.

8. As the Beneficiary of the Policy, Plaintiff is a proper party to sue for breach of the contract.

9. Mrs. Thornton and Plaintiff performed and/or tendered performance under the contract.

10. Defendant breached the contract by not paying the benefits due to Plaintiff.

11. Defendant's breach caused Plaintiff injury.

**Damages**

12. As a result of the conduct alleged above, Plaintiffs have been damaged and are entitled to:

   a. The face value of the Policy;

   b. Incidental damages as determined to be reasonable by the trier of fact; and

   c. Attorney fees, costs and expense in the amount the finder of fact determines is fair and reasonable.

13. Pursuant to Tex. R. Civ. P. 47(c)(3), Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00.

**Request for Disclosure**

Pursuant to Rule of 194.1, Defendant is requested to disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2 (a), (b), (c), (e), (f), (g), (h), (i) and (j).

4

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set down for trial, and that Plaintiff recover judgment of and from Defendant for actual damages in such amount as the evidence may show and the fact finder may determine to be proper, together with prejudgment interest, post judgment interest, costs of suit, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,


*/s/ Geoffrey Culbertson*
Kelly B. Tidwell
TX Bar No. 20020580
Geoffrey Culbertson
TX Bar No. 24045732
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Blvd.
Texarkana, Texas  75503
(903) 792-5859
(903) 792-8233 (FAX)
kbt@texarkanalaw.com
gpc@texarkanalaw.com

ATTORNEYS FOR PLAINTIFFS

EXHIBIT "A"

**Z00957571**

**WEST COAST LIFE**
**INSURANCE COMPANY**
P.O. Box 193692
San Francisco, CA 94119-3692

RECEIVED
FEB 06 2002
NEW BUSINESS

NS

Part I, Page

## SECTION I: INSUREDS

## LIFE INSURANCE APPLICATION

| NAME OF PERSONS APPLYING FOR COVERAGE (PRINT IN FULL) | RELATIONSHIP TO PROPOSED INSURED | SEX | DATE OF BIRTH | SOC. SEC. NO. | BIRTH STATE | DRIVER'S LICENSE |
|---|---|---|---|---|---|---|
| PROPOSED INSURED Edwina A. Thornton | Self | F | | | Tx | |
| SPOUSE | | | / / | / / | | |
| CHILD | | | / / | / / | | |
| CHILD | | | / / | / / | | |
| CHILD | | | / / | / / | | |

| RESIDENCE: | STREET | | APT. NO. | |
|---|---|---|---|---|

| CITY Texarkana | STATE Tx. | ZIP CODE 71854 | TELEPHONE NUMBER | NUMBER OF YEARS 2-4yrs |
|---|---|---|---|---|

| OCCUPATION | # OF YRS | MONTHLY INCOME | EMPLOYER | ADDRESS | TELEPHONE NUMBER |
|---|---|---|---|---|---|
| PROPOSED INSURED'S OCCUPATION Realtor - sales | 9 | | Self | 3001 Richmond Rd Texarkana Tx 75503 | (903) 832-2486 H-903 2289743 |
| SPOUSE | | | | | |

## SECTION II: PLAN OF INSURANCE   100,000 UL  -2policy

FACE AMOUNT  $ 200,000 -100,000 Term   $_____

X UNIVERSAL LIFE  UL PP ALP   Golden Exec II 20000  —  100,000 min funded
TYPE OF PLAN        INSURED                    SPOUSE                        CHILDREN

X OPTION I — LEVEL FACE AMOUNT 100,000   □ OPTION II — FACE AMOUNT PLUS CASH VALUE

X OTHER PLAN OF INSURANCE  Golden Guarantee G20 Year LP Term 100,000
TYPE OF PLAN

### BENEFITS

□ AUTOMATIC PREMIUM LOAN  □ YES  □ NO  □ ACCIDENTAL DEATH $_____

□ WAIVER OF PREMIUM  □ GUARANTEED INSURABILITY OPTION $_____

□ FAMILY RIDER — # OF UNITS _____   □ CHILD RIDER — # OF UNITS _____

□ OTHER — DESCRIPTION AND AMOUNT _____

### PREMIUM PAYMENT

□ ANNUAL $_____   X CHECK-O-MATIC $ 99.14   □ OTHER _____

□ ADDITIONAL FIRST YEAR PAYMENT $_____   □ CASH WITH APPLICATION $_____

SEND PREMIUM NOTICES TO  X RESIDENCE  □ OTHER—COMPLETE LINE BELOW

## SECTION III: BENEFICIARY

| | NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| PRIMARY: FULL NAME | Larry Thornton | | | | husband RELATIONSHIP |
| | ADDRESS | | Texarkana | Ar | 71854 |
| SECONDARY: FULL NAME | Andrea Thornton | | City | State | daughter ZIP CODE RELATIONSHIP |
| | Johon Thornton & Jeremy Thornton | | | | son/son |
| | ADDRESS Same | | CITY | STATE | ZIP CODE |

GW-7508 (4/88)

## SECTION IV: NON-MEDICAL HISTORY

| HAS PROPOSED INSURED: | Prop. Ins. | | Spouse | | Children | |
|---|---|---|---|---|---|---|
| | Yes | No | Yes | No | Yes | No |
| 1. Used tobacco or nicotine of any kind over the last 12 months? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 2. Consulted a physician or had treatment for the use or possession of: A. Alcohol? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| B. Narcotics, stimulants, sedatives, hallucinogenic drugs? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3. Had their driver's license revoked or suspended? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 4. Flown as a pilot, student pilot, or crew member, or intend to fly as such? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 5. Engaged in auto, motorcycle or boat racing, parachuting, skin or scuba diving, skydiving, or hang gliding? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 6. Had a request for life or health insurance declined, postponed, rated, cancelled, or restricted in any way? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 7. Any application for any other life or health insurance on their life now pending or contemplated in this or any other company? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8. Intend to travel outside U.S. in the next year? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

## SECTION V: MEDICAL HISTORY

| HAVE YOU EVER BEEN TREATED FOR OR TOLD YOU HAD: | | | | | | |
|---|---|---|---|---|---|---|
| 9. A. Cancer, diabetes, epilepsy, heart disorder, high blood pressure, stroke, mental or nervous disorders, tumors, ulcers, or any disorder of bladder, kidneys, liver or lungs? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| B. AIDS (acquired immune deficiency syndrome) or ARC (AIDS-related complex)? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| C. Arthritis, gout, or other disorders of muscles, joints, spine, stomach, intestines, or chest pain or asthma? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10. Within the last 12 months, had any kind of medication prescribed? | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 11. Been advised to have, or contemplated having a surgical operation? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 12. Within the last 5 years, suffered from any disease, or received medical or surgical treatment for any condition not listed in Question 9? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| 13. List current height and weight. If more than one child proposed for insurance, list below. | HEIGHT 5'2" | | | | | |
| | WEIGHT 139 | | | | | |

## FOR ALL QUESTIONS ANSWERED "YES," FILL IN DETAILS BELOW.

| Person's Name | Question Number | Date | Details or Reason | Name, Address and Phone Number of Attending Doctor and Hospital |
|---|---|---|---|---|
| Edwina | 10 - | 1/30 | Takes Estrace II for Hormoids | Dr. Stephen Brown 1114 Olivest Texarkana Tx 75501 Ph- 903 792-6944 |
| | | | | |
| | | | | |
| | | | | |

## SECTION VI: COVERAGE and REPLACEMENT (Must be answered completely on all cases)

14. Life Insurance in Force and Pending on All Proposed Insureds, Including Business Insurance (if none, insert "None"):

| Name of Insured | Company | Type of Coverage | Life Amount | Accidental Death | Year Issued |
|---|---|---|---|---|---|
| Edwina | Met Life | UL | 100,000 | No | 1998 |
| | | | | | |
| | | | | | |

15. Is this policy applied for to replace an existing insurance or annuity in this or any other company? ☒ Yes ☐ No If "yes," give details in remark section on page 3.

This space for Home Office Endorsements

GW-7508 (4/88)

Part I, Page :

## SECTION VII:  OWNERSHIP OF POLICY

_Same_

NAME OF OWNER (if other than Proposed Insured) OR PAYOR (if juvenile) | SOCIAL SECURITY NO. OR TAXPAYER I.D. NO.

ADDRESS | CITY | STATE | ZIP CODE

## SECTION VIII:  BUSINESS INSURANCE

a. Purpose of insurance (Key Man, Buy & Sell, Split Dollar, etc.)          N A

b. What percent of business does Proposed Insured own or control?

c. What is approximate net annual income of business?          $

d. What is approximate net worth of business?          $

e. Year business established

f. Business insurance on other Owners, Officers, Partners, or Key Men

| Name and Title | % of Bus. Owned | Insurance Company | Amount Now Carried or Applied For |
|---|---|---|---|
| N A | | | $ |
| | | | $ |
| | | | $ |

## SECTION IX:  REMARKS AND SPECIAL REQUESTS

## DECLARATIONS

I (We) represent that all statements and answers made in all parts of this application are full, complete and true to the best of my (our) knowledge and belief. It is agreed that:

(1) All such statements and answers shall be the basis for and a part of any policy issued on this application.

(2) No agent or medical examiner can accept risks or make or change contracts or waive West Coast Life rights or requirements.

(3) No insurance shall take effect unless the Proposed Insured(s) is (are) alive and in the same condition of health as described in this application when the policy is delivered to the Owner and the full first premium is paid. However, if the full first premium is paid as set forth in the attached Conditional Coverage Receipt and this Receipt is delivered to the Owner, the terms of this Receipt shall apply.

(4) Acceptance of a policy by the Owner shall constitute ratification of any changes made by West Coast Life under "Home Office Endorsements." In those states where it is required, changes in plan of insurance, amount, age at issue, classification of risk or benefits will be made only with the Owner's written consent.

### AUTHORIZATION TO OBTAIN INFORMATION

I AUTHORIZE any physician, medical practitioner, hospital, clinic, other medical or medically related facility, insurance or consulting company, the Medical Information Bureau, Inc., consumer reporting agencies or employer having information available as to diagnosis, treatment and prognosis with respect to any physical or mental condition and/or treatment of me or my minor children and any other non-medical information about me or my minor children to give West Coast Life Insurance Company or its reinsurers any and all such information. To aid in collection of such information, I authorize all said sources, except the Medical Information Bureau, to give such reports or knowledge to any agency employed by the insurance company to collect and transmit such information.

I AUTHORIZE the Company to obtain an investigative consumer report with respect to me and with respect to any children proposed for insurance, if a report is requested, I know I may elect to be personally interviewed.

I UNDERSTAND the information obtained or use of this Authorization will be used by the Company to determine eligibility for insurance and eligibility for benefits under an existing policy. Any information obtained will not be released by West Coast Life Insurance Company to any person or organization except to reinsuring companies, the Medical Information Bureau, Inc., or other persons or organizations performing business or legal services in connection with my application, claim or as may be otherwise lawfully required or as I may further authorize.

I AGREE that this authorization shall be valid for a period of two years and six months from the date signed. I further agree that a photocopy of this authorization shall be as valid as the original.

GW-7508 (4/88)

I KNOW that I may request to receive a copy of this Authorization.

I HAVE received copies of notices regarding "Pre-Notice Medical Information Bureau, Inc." and "Insurance Information Practices and Investigative Consumer Reports."

I UNDERSTAND that if this application relates to any Indeterminate Premium Policy or Rider:

1. The premium may be increased or decreased on any policy anniversary.
2. Premiums are not guaranteed, except the maximum premium which may be charged beginning on any policy anniversary.
3. Any increased or decreased premium I am charged will be based on my original classification, age and sex.

Dated: 1-30-02          Signed at _Texarkana AR_
                                              City and State

X _Edward A. Thornton_
          Signature of Proposed Insured

X
          Signature of Spouse, if Proposed for Insurance

X
          Signature of Owner if Other than Proposed Insured

X _Gary East_
          Witnessed by Agent

X
          Witnessed by Agent

**TO THE EXAMINER**

Do not examine if you are related to the Proposed Insured or the Agent

The examination must be made in private. USE BLACK INK ONLY.

Your report should give the Company a pen picture of the Proposed Insured. Any information which for any reason you prefer to embody in your report should be sent direct to the Medical Director.

FORWARD ALL MEDICAL BLANKS TO THE HOME OFFICE IMMEDIATELY UPON COMPLETION OF EXAMINATION AND UNDER NO CIRCUMSTANCES DELIVER SAME TO SALES REPRESENTATIVE.

MEDICAL EXAMINATION FEE VOUCHER - PLEASE COMPLETE REVERSE SIDE.

---

☐ WEST COAST LIFE INSURANCE COMPANY (Home Office)

343 Sansome Street, P.O. Box 193692
San Francisco, CA 94119-3692

Part II of Application for Insurance to

Edwina J Thornton

Name of Proposed Insured

| | | | | Yes | No | Date of Birth |
|---|---|---|---|---|---|---|

1. a. Name and address of your personal physician (if none, so state)

Dr Stephen Brown 1114 Olive Texarkana, TX 75501

b. Date and reason last consulted? — 2000 — Pacemaker mammogram — normal results — Continued below

2. Have you ever been treated for, or told you had:

a. Disorder of eyes, ears, nose or throat? ☐ ☑
b. Dizziness, fainting, convulsions, headache, paralysis or stroke, mental or nervous disorder? ☐ ☑
c. Bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? ☐ ☑
d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? ☐ ☑
e. Ulcer, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? ☐ ☑
f. Sugar, albumin, blood or pus in urine, venereal disease, stone or other disorder of kidney, bladder, prostate or reproductive organs? ☑ ☐
g. Diabetes, thyroid or other endocrine disorders? ☐ ☑
h. Arthritis, gout or disorder of the muscles or bones, including the spine, back or joints? ☐ ☑
i. Deformity or amputation? ☐ ☑
j. Disorder of skin, lymph glands, cyst, tumor or cancer? ☐ ☑
k. Allergies, anemia or other disorder of the blood? ☐ ☑
l. AIDS (Acquired Immune Deficiency Syndrome) or ARC (AIDS Related Complex)? ☐ ☑

3. Have you ever consulted a physician or had treatment with regard to the use of, or been convicted for the use or possession of:
a. Alcohol? ☐ ☑
b. Narcotics, stimulants, sedatives or hallucinogenic drugs? ☐ ☑

4. Have you ever used tobacco in any form? ☐ ☑
what, when, how much per day?

5. Are you now under observation or taking treatment? ☐ ☑

6. Have you had any change in weight in the past year? ☐ ☑

7. Other than above, have you within the past 5 years:
a. Had a checkup, consultation, illness, injury, surgery? ☐ ☑
b. Been a patient in a hospital, clinic or other medical facility? ☐ ☑
c. Had electrocardiogram, X-ray, other diagnostic test? ☐ ☑
d. Been advised to have any diagnostic test, hospitalization or surgery which was not completed? ☐ ☑
e. Had any mental or physical disorder not listed above? ☐ ☑

8. Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? ☐ ☑

9. In the last 5 years have you requested or received a pension or disability benefit for injury or sickness? ☐ ☑

10. Family History: Tuberculosis, diabetes, cancer, high blood pressure, heart or kidney disease, mental illness or suicide? ☐ ☑

11. Are you now pregnant? ☐ ☑

*(right side handwritten)*

Details of "Yes" answers. (IDENTIFY QUESTION NUMBER, CIRCLE APPLICABLE ITEMS): Include diagnosis, dates, names and address of physicians and medical facilities.)

2f 1991 total hysterectomy
Dr Gary Wadley Hospital 1000
Pine Texarkana, TX 75501
Hospitalized 2 days.

7c 1996 in ? — broken wrist — X-Ray
St Michael ER 2600 St Michael
Dr. Texarkana, TX 75503
Cast 6 weeks.

| | Age if Living? | Cause of Death? | Age at Death? |
|---|---|---|---|
| Father | | Heart attack | 60 |
| Mother | 82 | | |
| Brothers and Sisters | | | |
| No. Living | 2 | 62, 52 | |
| No. Dead | 2 | dehydration & mn | |

To the best of my knowledge and belief, the information given above is correctly recorded, complete and true.
(Any erasures or changes must be "initialed" by the Proposed Insured.)

Dated at Texarkana AR this 21 day of Feb 20 02

Signed in the presence of Charlotte Terry
(Medical Examiner)

X Edwina A Thornton
(Signature of Proposed Insured)

GW-7507A (8/98)

CHARLOTTE TERRY

EXHIBIT "B"



**WEST COAST LIFE**
INSURANCE COMPANY

P.O. Box 193892, San Francisco, CA 94119-3892
Home Office : San Francisco, California
1-800-366-9378

Z00957571

EDWINA A THORNTON

West Coast Life Insurance Company (hereinafter called: "the Company," "We," "Our" or "Us") will pay the Death Benefit to the Beneficiary subject to the provisions of the Policy. The Death Benefit is payable upon receipt at Our Home Office of due proof of the Insured's death.  This Policy is issued in consideration of the Application and payment of the premium(s) as described within the Policy.  This Policy is a legal Contract between the Owner ("You" or "Your") and Us.

## READ YOUR POLICY CAREFULLY.

## NOTICE OF 30 DAY RIGHT TO CANCEL POLICY

No later than thirty (30) days after this Policy is delivered, You may cancel it by returning the Policy, with a written request to cancel, to the agent who sold it or to Our Home Office.  Upon delivery of the Policy and request to cancel, the Policy shall be void from the beginning.  We will refund all premiums paid within ten (10) days after the Policy and request to cancel are received at the Home Office.

## GRADED PREMIUM LIFE POLICY
Insurance Payable at Death
Premiums are Payable to Age 100
See Policy Specifications for Amount of Insurance and Premiums
Premiums Subject to Change as Shown in Policy Specifications
Convertible Conditionally to Age 75
Nonparticipating

Signed for West Coast Life Insurance Company.

*Deborah J. Long*        *Lily Eng*        *Jim E. Mannerdale*

Secretary        Registrar        President

12
26
12

13
00



0011392AR

# TABLE     OF     CONTENTS

| | Page |
|---|---|
| POLICY SPECIFICATIONS | 3 |
| TABLE OF NONFORFEITURE VALUES | 4A |
| DEFINITIONS | 5 |
| POLICY OWNERSHIP | 6 |
|     Owner | 6 |
| PREMIUMS | 6 |
|     Premium Refund | 6 |
|     Premiums in Advance | 6 |
| POLICY VALUES | 6 |
|     Table of Nonforfeiture Values | 6 |
|     Basis of Values | 7 |
|     Net Cash Value | 7 |
| NONFORFEITURE OPTIONS | 7 |
|     Extended Term Insurance | 7 |
|     Paid-Up Insurance | 7 |
|     Cash Surrender | 7 |
| POLICY LOAN | 7 |
|     Loan Interest | 7 |
|     Loan Repayment | 8 |
| AUTOMATIC LOAN FOR PREMIUM | 8 |
| DEATH BENEFIT | 8 |
|     Proceeds | 8 |
|     Payment of Proceeds | 8 |
| TERMINATION OF COVERAGE | 8 |
|     Re-Entry Option | 8 |
|     Reinstatement | 9 |
|     Conversion | 9 |
| GENERAL PROVISIONS | 9 |
|     Contract and Representations | 9 |
|     Grace Period | 9 |
|     Incontestability | 10 |
|     Suicide | 10 |
|     Misstatement of Age or Sex | 10 |
|     Assignment | 10 |
|     Power to Modify | 10 |
| BENEFICIARY INFORMATION | 10 |
|     Beneficiary | 10 |
|     Change of Beneficiary | 10 |
| SETTLEMENT OPTIONS | 11 |
| INSTALLMENT TABLES | 12 |
| | 26 |
| | 12 |
| | 13 |
| | 00 |

**Additional benefits and riders, if any, and a copy of the Application are attached to the Policy.**

0011392AR

# POLICY SPECIFICATIONS

**INSURED**   EDWINA A THORNTON                 **POLICY NUMBER**   Z00957571

**FACE AMOUNT**   $100,000                        **SEX**   FEMALE

**CLASSIFICATION** SUPER PREFERRED NON—TOBACCO    **ISSUE AGE**   57

**MAXIMUM RE—ENTRY QUALIFICATION AGE**   65       **POLICY DATE** MARCH 11, 2002

**BENEFICIARY**   REFER TO APPLICATION   UNLESS SUBSEQUENTLY CHANGED

**OWNER:**   EDWINA A THORNTON

| FORM NO. | INSURANCE BENEFITS | ANNUAL PREMIUM** | INITIAL PREMIUM PERIOD | GUARANTEED PREMIUM PERIOD |
|---|---|---|---|---|
| 0011392AR | FACE AMOUNT PAYABLE AT DEATH | $377.00 | 20 YRS | 20 YRS |

** The premium is subject to change AFTER THE GUARANTEED PREMIUM PERIOD. if it is changed, it will not exceed the Maximum Annual Premium. Maximum Annual Premiums are shown in the Table of Premiums. We will send you a notice prior to the premium due date which informs you of any change in the premium. Premiums will not be changed more than once a year.

A policy fee of   $50.00   is included in the annual premium.

### TOTAL PREMIUMS

| ANNUALLY | SEMI—ANNUALLY | QUARTERLY | MONTHLY |
|---|---|---|---|
| $377.00 | $196.04 | $99.91 | $32.99 * |

* PREMIUM PAYMENT METHOD AT ISSUE

Page 3

# POLICY SPECIFICATIONS

### POLICY NUMBER      Z00957571

| POLICY YEAR | MAXIMUM ANNUAL PREMIUM | POLICY YEAR | MAXIMUM ANNUAL PREMIUM |
|---|---|---|---|
| 1 | $377.00 | 23 | $12,078.00 |
| 2 | 377.00 | 24 | 21,278.00 |
| 3 | 377.00 | 25 | 30,478.00 |
| 4 | 377.00 | 26 | 39,679.00 |
| 5 | 377.00 | 27 | 48,879.00 |
| 6 | 377.00 | 28 | 58,079.00 |
| 7 | 377.00 | 29 | 67,279.00 |
| 8 | 377.00 | 30 | 67,279.00 |
| 9 | 377.00 | 31 | 67,279.00 |
| 10 | 377.00 | 32 | 67,279.00 |
| 11 | 377.00 | 33 | 67,279.00 |
| 12 | 377.00 | 34 | 81,213.00 |
| 13 | 377.00 | 35 | 81,213.00 |
| 14 | 377.00 | 36 | 81,213.00 |
| 15 | 377.00 | 37 | 81,213.00 |
| 16 | 377.00 | 38 | 81,213.00 |
| 17 | 377.00 | 39 | 94,381.00 |
| 18 | 377.00 | 40 | 94,381.00 |
| 19 | 377.00 | 41 | 94,381.00 |
| 20 | 377.00 | 42 | 94,381.00 |
| 21 | 9,751.00 | 43 | 94,381.00 |
| 22 | 10,855.00 | | |

12
26
12

13
00

The Maximum Annual Premiums include the charges for any additional benefits.

Page 4

# TABLE OF NON-FORFEITURE VALUES

| ATTAINED AGE | CASH VALUE | REDUCED PAID UP INSURANCE | EXTENDED TERM INSURANCE | |
|---|---|---|---|---|
| | | | YEARS | DAYS |
| 0-90 | $       0 | $       0 | 0 | 0 |
| 91 | 3,700 | 4,500 | 0 | 51 |
| 92 | 9,900 | 13,000 | 0 | 130 |
| 93 | 16,100 | 18,900 | 0 | 182 |
| 94 | 22,100 | 25,600 | 0 | 223 |
| 95 | 27,600 | 31,300 | 0 | 241 |
| 96 | 37,700 | 42,000 | 0 | 271 |
| 97 | 48,200 | 52,600 | 0 | 267 |
| 98 | 58,300 | 62,600 | 0 | 233 |
| 99 | 66,400 | 70,300 | 0 | 257 |
| 100 | 100,000 | 0 | 0 | 0 |

CASH VALUE AND PAID UP MORTALITY TABLE 1980 CSO AGE LAST BIRTHDAY
EXTENDED TERM MORTALITY TABLE 1980 CET AGE LAST BIRTHDAY
INTEREST RATE 5.75% PER ANNUM

*** EXCLUDES RIDERS ***

Page 4A

# DEFINITIONS

**APPLICATION** – The Application for this Policy which is attached to and made a part of this Policy.

**BENEFICIARY** – The person or persons named to receive the Death Benefit of this Policy upon the Insured's death.

**POLICY** – This life insurance contract.

**POLICY FACE AMOUNT** – A specified amount as indicated in the Policy Specifications.

**INSURED** – The person named as such in the Policy Specifications.

**POLICY DATE** – The effective date of coverage under this Policy if all the terms of the Application are satisfied, including the payment of the premium due.  This is the date from which Policy anniversaries, Policy years, Policy months and premium due dates are determined.   This date is shown in the Policy Specifications, unless later changed by written agreement signed by the Policy Owner.

**DEATH BENEFIT** – The Policy's Death Benefit.

**PREMIUM** – The amount payable in U.S. dollars for this Policy.

**OWNER** – The person(s) or legal entity to whom this Policy belongs.

**PAYEE** – The person to whom any of the proceeds of this Policy and any riders are payable under a Settlement Option.

12
26
12

13
00

Page 5

0011392AR

# POLICY OWNERSHIP

**Owner**

Owner means Policy Owner. If no Owner is named in the Application, the Insured will be the Owner. If more than one (1) Owner is named, the term "Owner," as used herein, shall refer to all Owners. In the event that more than one Owner is named, all elections and other actions that may be taken by You pursuant to the terms of this Policy require joint action of all such persons. While this Policy is in force, You may exercise the rights of Ownership. If You die while the Insured is living, Ownership will pass to the contingent Owner if named. If no contingent Owner is named, Ownership passes to Your estate. The rights of the Owner, the contingent Owner, and the Beneficiary may be subject to the rights of:

(1) Any assignee of record; and
(2) Any irrevocable Beneficiary.

# PREMIUMS

Premiums are payable at Our Home Office or to Our authorized agent. Premiums are payable during the lifetime of the Insured. Full premium is payable in advance and must be paid when due to avoid loss of coverage or reduction of benefits.

The first premium is due on the Policy Date shown in the Policy Specifications. Subsequent premiums are due annually, semi-annually, quarterly, or monthly, depending upon the frequency of payment chosen by the Owner. The Owner may change the frequency of future premium payments by requesting the change in writing. The change must conform to any premium payment rules We have in effect at the time. The initial premiums for each frequency of payment are shown in the Policy Specifications.

Premiums are based on the rates then in use for the classification to which the Insured belongs. Premiums are not refundable except as described in this Policy.

**Premium Refund**

Any portion of a premium paid to Us which applies to a period beyond the end of the Policy month of death of the Insured will be added to the death proceeds, unless this premium was waived under a rider providing for Waiver of premium.

Should the Policy Owner elect to cancel this Policy, the portion of the premium paid to Us that applies to a period beyond the end of the Policy month of cancellation will be refunded.

**Premiums in Advance**

Future annual premiums may be paid in advance. The maximum amount We will accept is an amount sufficient to pay all future premiums for this Policy. Future premiums paid in advance will receive an interest discount of at least 2.5% per year and may not be withdrawn. If this Policy is terminated, We will refund the current value of any unused premiums. The current value of any unused premiums is included in the death benefit.

# POLICY VALUES

**Table of Nonforfeiture Values**

The cash values generated by this Policy are show in the Table of Nonforfeiture Values. 12
The values are shown per $1,000 of amount of insurance. The values are based on the 26
payment of the full annual premium and do not reflect any Policy Loan. Values during a 12
Policy year will be prorated based on the portion of the Policy year completed and the amount of the annual premium paid.

If this Policy is being continued as paid-up or extended term insurance, its cash value 13
equals the net single premium at the Insured's attained age for the remaining insurance 00
benefits. A cash surrender within 31 days after a Policy anniversary will be for an amount not less than the value on such anniversary, less any loan made since the anniversary.

0011392AR

**Basis of Values**
All calculations, including net single premium calculations, are based on the male or female, non-smoker or smoker, age last birthday 1980 CSO Commissioner Standard Ordinary mortality table and 5.75% interest.  The values are equal to or greater than the minimum values required by law.  We have filed a detailed statement of the calculation method with the insurance supervisory official in the state where this Policy was delivered.

**Net Cash Value**
The net cash value of the Policy at any time is the cash value less any Policy Loan and Loan Interest.

# NONFORFEITURE OPTIONS

A nonforfeiture option may be elected by written request.  The request must be received by Us not later than three months after the date the first unpaid premium was due and before the Insured's death.  If no option has been selected by the end of the Grace Period, the Policy will be continued as extended term insurance, if available.  Otherwise, the paid-up option will apply.  The Owner may change the option by written request not later than three months after the date the first unpaid premium was due.

If the Policy does not have a positive cash value on the date of lapse, all insurance coverage under this Policy and any riders will terminate.  One of the following options will apply if this Policy has a positive net cash value.

**Extended Term Insurance**
The Owner may continue this Policy as level term insurance, if available, from the date the first unpaid premium was due.  The amount of the extended insurance will equal the amount of Insurance of this Policy less any Policy Loan.  The period of the extended term insurance will be that which the net cash value will buy at the age of the Insured on the date the first unpaid premium was due.

**Paid–Up Insurance**
The Owner may continue this Policy as level paid-up insurance from the date the first unpaid premium was due.  The amount of insurance will be that which the net cash value will buy at the age of the Insured on the date the first unpaid premium was due.  The paid-up insurance will have the same terms and conditions as this Policy.

**Cash Surrender**
The Owner may surrender this Policy for its net cash value.  All riders attached to this Policy will terminate at the time of surrender unless otherwise provided in the rider.  Surrender is as of the date to which premiums were paid.

# POLICY LOAN

The Owner may obtain a loan from Us using the Policy as loan security.  The loan must be requested in writing.  The amount available as a Policy loan is equal to the net cash value less:

1. the amount of any unpaid premium due before the next premium due date;  and
2. Policy Loan interest to the end of the current Policy year.

If the Policy Loan becomes more than the net cash value, the Policy is subject to termination.  We will mail notice of the pending termination to the Policy Owner at the last known address.  The termination will be effective 31 days after We mail the notice unless We receive the payment necessary to keep the Policy in force.

**Loan Interest**
Interest will accrue on any Policy Loan at an annual rate of 8% (7.4% in advance).  Interest is payable in advance to the next Policy anniversary and annually in advance thereafter.  Interest not paid when due will be added to the Policy Loan and will bear interest at the same rate.

*EF0001Z00957571 00814*

0011392AR

**Loan Repayment**
All or part of a Policy Loan may be repaid while this Policy is in force during the lifetime of the Insured.  The minimum repayment is ten (10) dollars.  If the Policy is in force as paid-up or extended term insurance, no repayments may be made unless the Policy is reinstated.

# AUTOMATIC LOAN FOR PREMIUM

When this option is in effect, any premium not paid before the end of the Grace Period will be paid by an automatic Policy Loan.  The Policy Loan will be taken at the end of the Grace Period.  The Policy Loan will not be taken if the unpaid premium plus Loan Interest exceeds the net cash value.    In this case, the Policy will be in default and the nonforfeiture provision will apply.

This provision may be chosen in the Application or by written request before the end of the Grace Period for an unpaid premium.  This provision may be cancelled by the Policy Owner by written request.

# DEATH BENEFIT

**Proceeds**
The Face Amount shown in the Policy Specifications is payable to the Beneficiary upon the death of the Insured.

**Payment of Proceeds**
Any proceeds payable under the terms of this Policy are subject to any adjustments provided in the Misstatement of Age or Sex, Incontestability, and Suicide provisions.

Proceeds may be paid in one (1) sum or under the Settlement Options provision of this Policy. If proceeds are not paid within a reasonable period of time after proof of death of the Insured has been furnished to Us, We shall pay interest upon the proceeds at the rate of eight percent (8%) per year.   A reasonable period of time shall be that period of time sufficient to complete an investigation of the cause of death and to process the necessary claims.   In no case shall this period exceed thirty (30) days from the date proof of death of the Insured has been furnished to Us.

# TERMINATION OF COVERAGE

The Policy coverage will terminate on the first to occur of:
(1)     The Insured's death;   or
(2)     Expiration of the Grace Period;   or
(3)     The Policy anniversary following the Insured's 100th birthday.

# RE-ENTRY OPTION

The Owner may qualify for a new Graded Premium Life Policy after the Initial Premium Period of this Policy but before the Maximum Re-Entry Qualification Age shown in the Policy Specifications.   This option may only be elected to be effective as of a Policy anniversary.   The option must be requested in writing at least 60 days prior to the Policy anniversary on which this option is to be effective.   To qualify, the Owner must:

1. Return this Policy to the Company;

2. Provide satisfactory evidence of the insurability of the Insured; and

3. Pay the required premium.

Following Our approval, this option will be effective as of the Policy anniversary it was elected.

The Company will issue the new Graded Premium Life Policy at the Insured's attained age.

12
26
12

13
00

**Page 8**

0011392AR

The premiums for the new policy will be based on the premium rates in use on the effective date of this option. The policy date of the new policy will be the effective date of this option. The contestable and suicide periods of the new policy will be measured from the date of issue of the new policy. Other policy provisions will be the same as under this Policy. Riders may be included in the new policy subject to Company approval.

## REINSTATEMENT

If this Policy lapses, the Owner may reinstate it within five years of the due date of the first unpaid premium by providing the following:

1.      A written application for reinstatement;

2.      Evidence of insurability satisfactory to Us; and

3.      Payment of all overdue premiums with 6% interest compounded annually. Compounding of interest means that each year interest is added to the amount owed and begins to bear interest itself.

We may contest a reinstated policy for two years after the date of reinstatement. Thereafter, the reinstated policy is incontestable. We will only contest the reinstated policy with respect to statements made in the application for reinstatement.

## CONVERSION

The Owner may convert this Policy any time during the initial Premium Period but not after the Policy anniversary following the Insured's 75th birthday. Evidence of insurability is not required except for riders and supplemental benefits. Evidence of insurability is obtained at the Owner's expense.

The Owner must submit a written request for the conversion. The Owner may convert the Policy to any permanent plan of insurance that satisfies all of the following conditions:
1. The new policy is designated by the Company as available for conversions; and
2. The face amount of the new policy equals or exceeds the minimum allowable face amount of the new policy but is no greater than the Death Benefit of this Policy.

The new policy:
1. Will be dated as of the date of the conversion;
2. Will be issued at the attained age of the Insured; and
3. Will be issued for the same classification as this Policy, if available.

## GENERAL PROVISIONS

### Contract and Representations
This Policy and a copy of the Application, including any supplements or amendments to the Application, constitute the entire life insurance contract. All statements in the Application, in the absence of fraud, will be deemed representations and not warranties. No statement will be used to contest the Policy or be used in defense of a claim under it unless:

(1) It is contained in the written Application, including any supplements or amendments attached to the Application; and
(2) A copy of the Application, including any supplements or amendments, is attached to the Policy on the Policy Date.

### Grace Period
If any premium after the first one is not paid when due, a Grace Period of 31 days will be allowed for payment. This Policy will continue in force during this period. If the Insured dies during the Grace Period, the premium required to pay for coverage to the end of the policy month of death will be deducted from the Death Benefit.

Page 9

**Incontestability**
This Policy will be incontestable after it has been in force during the Insured s lifetime for two (2) years from the Policy Date, except as to any provision or condition relating to disability benefits, if available.   Any increase in coverage, the addition of a rider or benefit after the Policy Date, or any reinstatement shall be incontestable after it has been in force during the Insured's lifetime for two (2) years after the Policy Date of such increase in coverage, addition of a rider or benefit, or reinstatement.   We may contest this Policy only on the basis of any material misrepresentations in the Application, supplemental Application or Reinstatement Application.

**Suicide**
If the Insured dies from suicide, whether sane or insane, within two (2) years from the Policy Date, We are liable only for the return of any premium(s) received.

**Misstatement of Age or Sex**
If the age and/or sex of the Insured has been misstated, all payments and benefits under this Policy will be provided based on the Insured's correct age and sex and according to the scale of premiums in effect on the Policy Date.

**Assignment**
No assignment will bind Us until recorded at Our Home Office.   We are not obliged to see that an assignment is valid or sufficient.   Any claim by an assignee is subject to proof of the validity and extent of the assignee s interest in the Policy.

**Power to Modify**
Only Our President, Vice President, or Secretary has the power to:
(1) Change this Policy;
(2) Extend the time for payment of premiums; or
(3) Waive any Policy provisions.

Any change in the Policy must be by endorsement signed by one of the above named officers.

## BENEFICIARY INFORMATION

**Beneficiary** -- The Beneficiary will receive the Death Benefit of the Policy when the Insured dies.   If there are two or more living Beneficiaries, they will receive equal shares, unless the Owner has provided otherwise.   If no Beneficiary is living when the Insured dies, We will consider the Owner to be the Beneficiary.   If the Owner is not living, We will consider the estate of the Owner to be the Beneficiary.

The Beneficiary or Beneficiaries and any contingent Beneficiaries are named in the Application.   A contingent Beneficiary becomes Beneficiary if the Beneficiary dies before the Insured.

**Change of Beneficiary**
You may change a Beneficiary if:

(1) The Insured is living; and
(2) Written request, in a form acceptable to Us, is filed at Our Home Office.

The change will not take effect until it is recorded at Our Home Office.   However, once such a change is recorded, the change will take effect as of the date the request was signed, whether or not the Insured is living on the date the change is recorded, subject to any payment made or other action taken by Us before such recording.   The change is subject to:

(1) The rights of an assignee of record; and
(2) The rights of an irrevocable Beneficiary.

12
26
12

13
00

Page 10

0011392AR

# SETTLEMENT OPTIONS

Policy Settlement means payment of the death proceeds when the Insured dies.

Policy Settlement may be paid In a lump sum, or under any option below.  One Settlement Option or a combination of options may be chosen.  A Settlement Option may be chosen only If the total amount placed under the option Is at least $2,000 and payments are at least $20 each.  Except with Our consent, the Payee must be a natural person.

The Owner may choose, revoke, or change Settlement Options any time during the lifetime of the Insured.

Settlement Options must be chosen, revoked, or changed by request in writing, in a form satisfactory to Us.  After an option, revocation, or change is recorded at Our Home Office, it will become effective as of the date It was requested.  We may require proof of age of any person to be paid under a Settlement Option.

If no Settlement Option Is In effect when the Insured dies, We will pay the Policy Settlement In a lump sum.

Before the lump sum is paid, but no later than one year after the Insured dies, the Beneficiary may choose an alternative Settlement Option.

**Option 1. INTEREST INCOME**
Any amounts payable in settlement of this Policy may be left with Us and will receive interest of at least 2.5% annually.  We will determine once a year any interest to be provided over and above 2.5%.  Interest may either be left to accumulate or It may be paid at the end of every twelve, six, three or one month interval from the effective date of the Settlement Option.  Amounts remaining with Us may be withdrawn at any time upon proper written request.

**Option 2. INCOME FOR A FIXED PERIOD**
Any amounts payable in settlement of this Policy will be paid over the number of years selected.  The amount payable monthly for each $1,000 will be at least as much as the amount shown in Table A.  Payments may also be made on annual, semi-annual, or quarterly basis, if selected.  Each payment will include a portion of the amounts left Us and interest of at least 2.5%.  Any time after payments begin, the remaining portion of the amounts left with Us may be withdrawn upon written request.

**Option 3. FIXED INCOME FOR VARYING PERIODS**
Any amounts payable in settlement of this Policy will be paid in equal amounts on an annual, semi-annual, quarterly or monthly basis as selected by the Payee.  At least 5% of the amount left with Us will be paid each year.  Payments will be made until amounts left with Us, together with compound interest at a rate of at least 2.5% annually on the remaining balance, has been paid.  Any time after the payments begin, the remaining balance may be withdrawn upon proper written request.

**Option 4. LIFE INCOME WITH PAYMENTS GUARANTEED**
Any amounts payable in settlement of this Policy will be paid over the lifetime of the Payee.  A guaranteed period of 10 or 20 years may be selected.  Payments will continue to the end of this period even If the Payee dies.  The minimum amount payable monthly for each $1,000 left with Us is shown in Table B.  The life contingent payments are calculated using the 1971 Individual Annuity Mortality Table with interest rate of 2.5% compounded annually.  Payments may also be made on an annual, semi-annual or quarterly basis, if selected.  Amounts left with Us under this option may not be withdrawn.

12
26
12

**Option 5. JOINT AND SURVIVOR LIFE INCOME**
Any amounts payable in settlement of this Policy will be paid during the lifetimes of the two Payees.  Payments will continue as long as both Payees continue to live.  At the death of one Payee, 2/3 of the original payment will continue during the lifetime of the survivor.  Examples of total amounts payable monthly for each $1,000 left with Us are shown in Table C. The life contingent payments are calculated using the 1971 Individual

13
00

*EF0001Z0095'571 00816*

0011392AR

Annuity Mortality Table with interest rate of 2.5% compounded annually.   Life Income amounts payable for other combinations of age and sex will be furnished on request. Payments also may be made on an annual, semi-annual or quarterly basis.   Payments will be made jointly.   Amounts left with Us under this option may not be withdrawn.

### Option 6. OTHER
Policy Settlement may be paid in any other manner agreed to by Us.

### ALTERNATE OPTIONS
Settlement Options with higher guaranteed minimum payments than those shown in this Policy may be in use by Us at settlement.   If so, the more favorable Settlement Options will be used.

### GENERAL INFORMATION

If the person We are paying under a Settlement Option dies and no one else has been designated to be paid, We will pay any amount remaining due to the estate of the person We are paying.  Settlement Option payments are not assignable.   To the extent allowed by law, Settlement Option payments are not subject to the claims of creditors or to legal process.

### CONVERSION TABLE FOR PAYMENTS UNDER SETTLEMENT OPTIONS 2, 4 and 5

To convert from monthly payments to quarterly, semi-annual, or annual payments under the Settlement Options shown in the Settlement Options tables; multiply the monthly payments by the appropriate factor shown below.

|  | Option 2 | Options 4 & 5 |
|---|---|---|
| Quarterly | 2.994 | 2.987 |
| Semi-Annual | 5.969 | 5.931 |
| Annual | 11.865 | 11.691 |

## SETTLEMENT OPTION TABLES

### Table A

### Option 2 – Monthly Payments for Each $1,000 Applied to Provide Income for a Fixed Period

| Years | Payment | Years | Payment | Years | Payment | Years | Payment | Years | Payment |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $84.28 | 7 | $12.95 | 13 | $7.49 | 19 | $5.49 | 25 | $4.46 |
| 2 | 42.66 | 8 | 11.47 | 14 | 7.03 | 20 | 5.27 | 26 | 4.34 |
| 3 | 28.79 | 9 | 10.32 | 15 | 6.64 | 21 | 5.08 | 27 | 4.22 |
| 4 | 21.86 | 10 | 9.39 | 16 | 6.30 | 22 | 4.90 | 28 | 4.12 |
| 5 | 17.70 | 11 | 8.64 | 17 | 6.00 | 23 | 4.74 | 29 | 4.02 |
| 6 | 14.93 | 12 | 8.02 | 18 | 5.73 | 24 | 4.60 | 30 | 3.93 |

12
26
12

13
00

0011392AR

## Table B
## Option 4 – Monthly Payments for Each $1,000 Applied to Provide Life Income with or without Guaranteed Period

| Age of Payee | Life Annuity | | Life Annuity with Guaranteed Period | | | | Age of Payee | Life Annuity | | Life Annuity with Guaranteed Period | | | |
| | | | 10 Years | | 20 Years | | | | | 10 Years | | 20 Years | |
| | Male | Female | Male | Female | Male | Female | | Male | Female | Male | Female | Male | Female |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | $2.53 | $2.45 | $2.52 | $2.45 | $2.52 | $2.45 | 46 | $3.92 | $3.56 | $3.88 | $3.54 | $3.75 | $3.49 |
| 6 | 2.54 | 2.46 | 2.54 | 2.46 | 2.53 | 2.46 | 47 | 4.00 | 3.62 | 3.95 | 3.60 | 3.81 | 3.54 |
| 7 | 2.55 | 2.47 | 2.55 | 2.47 | 2.55 | 2.47 | 48 | 4.08 | 3.68 | 4.03 | 3.66 | 3.86 | 3.59 |
| 8 | 2.57 | 2.48 | 2.57 | 2.48 | 2.56 | 2.48 | 49 | 4.18 | 3.75 | 4.10 | 3.73 | 3.92 | 3.65 |
| 9 | 2.58 | 2.50 | 2.58 | 2.50 | 2.58 | 2.49 | 50 | 4.25 | 3.82 | 4.18 | 3.79 | 3.98 | 3.70 |
| 10 | 2.60 | 2.51 | 2.60 | 2.51 | 2.59 | 2.51 | 51 | 4.34 | 3.89 | 4.27 | 3.87 | 4.04 | 3.76 |
| 11 | 2.61 | 2.52 | 2.61 | 2.52 | 2.61 | 2.52 | 52 | 4.44 | 3.97 | 4.35 | 3.94 | 4.10 | 3.83 |
| 12 | 2.63 | 2.54 | 2.63 | 2.54 | 2.63 | 2.53 | 53 | 4.54 | 4.05 | 4.44 | 4.02 | 4.16 | 3.89 |
| 13 | 2.65 | 2.55 | 2.65 | 2.55 | 2.64 | 2.55 | 54 | 4.64 | 4.14 | 4.54 | 4.10 | 4.23 | 3.95 |
| 14 | 2.67 | 2.57 | 2.66 | 2.57 | 2.66 | 2.56 | 55 | 4.75 | 4.23 | 4.64 | 4.19 | 4.29 | 4.02 |
| 15 | 2.89 | 2.58 | 2.68 | 2.58 | 2.68 | 2.58 | 56 | 4.87 | 4.33 | 4.74 | 4.28 | 4.36 | 4.09 |
| 16 | 2.70 | 2.60 | 2.70 | 2.60 | 2.70 | 2.59 | 57 | 4.99 | 4.43 | 4.85 | 4.37 | 4.42 | 4.16 |
| 17 | 2.73 | 2.62 | 2.72 | 2.61 | 2.72 | 2.61 | 58 | 5.12 | 4.54 | 4.96 | 4.47 | 4.49 | 4.23 |
| 18 | 2.75 | 2.63 | 2.74 | 2.63 | 2.74 | 2.63 | 59 | 5.26 | 4.66 | 5.07 | 4.57 | 4.55 | 4.31 |
| 19 | 2.77 | 2.65 | 2.77 | 2.65 | 2.76 | 2.65 | 60 | 5.41 | 4.78 | 5.20 | 4.68 | 4.61 | 4.38 |
| 20 | 2.79 | 2.67 | 2.79 | 2.67 | 2.78 | 2.66 | 61 | 5.57 | 4.91 | 5.33 | 4.80 | 4.68 | 4.45 |
| 21 | 2.81 | 2.69 | 2.81 | 2.69 | 2.80 | 2.68 | 62 | 5.73 | 5.04 | 5.46 | 4.92 | 4.74 | 4.53 |
| 22 | 2.84 | 2.71 | 2.84 | 2.71 | 2.83 | 2.70 | 63 | 5.91 | 5.19 | 5.60 | 5.06 | 4.80 | 4.60 |
| 23 | 2.87 | 2.73 | 2.86 | 2.73 | 2.85 | 2.72 | 64 | 6.10 | 5.35 | 5.75 | 5.19 | 4.85 | 4.67 |
| 24 | 2.89 | 2.75 | 2.89 | 2.75 | 2.88 | 2.74 | 65 | 6.31 | 5.52 | 5.90 | 5.34 | 4.91 | 4.75 |
| 25 | 2.92 | 2.77 | 2.92 | 2.77 | 2.91 | 2.77 | 66 | 6.53 | 5.71 | 6.06 | 5.50 | 4.96 | 4.81 |
| 26 | 2.95 | 2.80 | 2.95 | 2.80 | 2.93 | 2.79 | 67 | 6.76 | 5.91 | 6.22 | 5.66 | 5.01 | 4.88 |
| 27 | 2.98 | 2.82 | 2.98 | 2.82 | 2.96 | 2.81 | 68 | 7.01 | 6.13 | 6.40 | 5.84 | 5.05 | 4.94 |
| 28 | 3.01 | 2.85 | 3.01 | 2.84 | 2.99 | 2.84 | 69 | 7.29 | 6.37 | 6.57 | 6.02 | 5.09 | 4.99 |
| 29 | 3.04 | 2.87 | 3.04 | 2.87 | 3.02 | 2.86 | 70 | 7.58 | 6.63 | 6.75 | 6.21 | 5.13 | 5.04 |
| 30 | 3.08 | 2.90 | 3.07 | 2.90 | 3.06 | 2.89 | 71 | 7.89 | 6.91 | 6.93 | 6.41 | 5.16 | 5.08 |
| 31 | 3.11 | 2.93 | 3.11 | 2.93 | 3.09 | 2.92 | 72 | 8.23 | 7.21 | 7.12 | 6.61 | 5.19 | 5.12 |
| 32 | 3.15 | 2.96 | 3.15 | 2.96 | 3.12 | 2.95 | 73 | 8.60 | 7.55 | 7.31 | 6.82 | 5.21 | 5.15 |
| 33 | 3.19 | 2.99 | 3.19 | 2.99 | 3.16 | 2.98 | 74 | 9.00 | 7.91 | 7.49 | 7.03 | 5.23 | 5.18 |
| 34 | 3.23 | 3.02 | 3.23 | 3.02 | 3.20 | 3.01 | 75 | 9.43 | 8.30 | 7.68 | 7.25 | 5.24 | 5.20 |
| 35 | 3.28 | 3.06 | 3.27 | 3.05 | 3.24 | 3.04 | 76 | 9.89 | 8.74 | 7.87 | 7.46 | 5.25 | 5.22 |
| 36 | 3.32 | 3.09 | 3.31 | 3.09 | 3.28 | 3.07 | 77 | 10.39 | 9.21 | 8.05 | 7.67 | 5.26 | 5.23 |
| 37 | 3.37 | 3.13 | 3.36 | 3.13 | 3.32 | 3.11 | 78 | 10.94 | 9.72 | 8.22 | 7.88 | 5.27 | 5.24 |
| 38 | 3.42 | 3.17 | 3.41 | 3.16 | 3.36 | 3.14 | 79 | 11.53 | 10.28 | 8.39 | 8.07 | 5.27 | 5.25 |
| 39 | 3.47 | 3.21 | 3.46 | 3.20 | 3.40 | 3.18 | 80 | 12.16 | 10.90 | 8.55 | 8.25 | 5.27 | 5.26 |
| 40 | 3.53 | 3.25 | 3.51 | 3.25 | 3.45 | 3.22 | 81 | 12.88 | 11.57 | 8.69 | 8.42 | 5.27 | 5.26 |
| 41 | 3.59 | 3.30 | 3.57 | 3.29 | 3.50 | 3.26 | 82 | 13.65 | 12.30 | 8.82 | 8.57 | 5.27 | 5.27 |
| 42 | 3.65 | 3.34 | 3.63 | 3.34 | 3.54 | 3.30 | 83 | 14.50 | 13.10 | 8.94 | 8.70 | 5.27 | 5.27 |
| 43 | 3.71 | 3.39 | 3.69 | 3.38 | 3.59 | 3.35 | 84 | 15.43 | 13.97 | 9.05 | 8.82 | 5.27 | 5.27 |
| 44 | 3.78 | 3.45 | 3.75 | 3.43 | 3.64 | 3.39 | 85 + | 16.48 | 14.91 | 9.13 | 8.92 | 5.27 | 5.27 |
| 45 | 3.85 | 3.50 | 3.82 | 3.49 | 3.70 | 3.44 | | | | | | | |

*EF00612009575751 00817*

## Table C
## Option 5 – Monthly Payments for Each $1,000 Applied to Provide Joint and Two-Thirds Survivor Life Income

| Age of Payee | | Payment | Age of Payee | | Payment | Age of Payee | | Payment |
| Male | Female | | Male | Female | | Male | Female | |
|---|---|---|---|---|---|---|---|---|
| 45 | 45 | $3.51 | 61 | 61 | $4.88 | 69 | 69 | $6.27 |
| 50 | 50 | 3.82 | 62 | 62 | 5.01 | 70 | 70 | 6.51 |
| 55 | 55 | 4.23 | 63 | 63 | 5.15 | 71 | 71 | 6.77 |
| 56 | 56 | 4.32 | 64 | 64 | 5.31 | 72 | 72 | 7.05 |
| 57 | 57 | 4.42 | 65 | 65 | 5.47 | 73 | 73 | 7.35 |
| 58 | 58 | 4.52 | 66 | 66 | 5.65 | 74 | 74 | 7.68 |
| 59 | 59 | 4.64 | 67 | 67 | 5.84 | 75 | 75 | 8.04 |
| 60 | 60 | 4.75 | 68 | 68 | 6.05 | | | |

0011392AR



**WEST COAST LIFE**
INSURANCE COMPANY
343 Sansome Street, San Francisco, CA 94104
or
P.O. Box 193892, San Francisco, CA 94119-3892
1-800-366-9378

# ACCELERATED DEATH BENEFIT RIDER

### NOTICE

**Death benefit and policy values, if any, will be reduced if an accelerated benefit payment is made. Payments may or may not be taxable. Whether or not you or the beneficiary incurs a tax liability when payments are made depends on how the IRS interprets applicable portions of the Tax Code. As with all tax matters, you should consult a personal tax advisor to assess the impact of this benefit.**



### CONSIDERATION

There is no charge for this rider prior to the time of application for benefit.

### DEFINITIONS

**We, our, us** refers to the West Coast Life Insurance Company.

**You** refers to the Owner of the policy to which this rider is attached.

**Insured** is the Insured under the policy to which this rider is attached or the last surviving insured if more than one insured were covered under the policy.

**The Policy** is the policy on which this rider is attached.

**Physician** means an individual who is licensed to practice medicine and treat illness or injury in the state in which treatment is received and who is acting within the scope of that license. Physician does not include:

1. the Insured;

2. you;

3. either your spouse or the Insured's spouse;

4. a person who lives with the Insured or you;

5. a person who is part of the Insured's or your Immediate Family.

**Terminal Illness** is a non-correctable medical condition which will result in the death of the Insured within 12 months from the date of the Physician Statement.

**Immediate Family** is the child, brother, sister, parent, grandparent or grandchild of:

1. the Insured or of his or her spouse; or

12
26
12

13
00

962096200                         Page 1                  Accelerated Death Benefit Rider

2. you or your spouse.

**Physician statement** is a statement acceptable to us, signed by a Physician, which:

1. gives the Physician's diagnosis of the Insured's Terminal Illness;

2. states that, with reasonable medical certainty, the Terminal Illness will result in the death of the Insured in less than 12 months from the date of the Physician Statement.

**Eligible Policy** is any of our policies still in force, covering the same Insured, owned by you and containing an Accelerated Benefit Rider. In addition the policy must not mature or be scheduled to expire within two years of the date of claim on this rider.

## BENEFITS

We will pay you the accelerated benefit you requested once we receive an appropriate Physician Statement, subject to all of the following conditions:

1. payment is at least $15,000;

2. payment is no more than $250,000 or 75% of the Death Benefit of the Policy at the time of the request, whichever is less;

3. the sum of all payments to date on all Eligible Policies is no more than $250,000.

This payment is treated as a loan against the death benefit and will create a lien against the Policy. Interest on the loan will accrue annually and will be added to the lien.

The interest used will be the larger of

1. the policy loan rate;

2. the current yield on 90 day Treasury Bills.

Interest accruing on any portion of the Terminal Illness payment equal to the cash value less any policy loan will not be greater than interest calculated using the policy loan rate stated in the policy. Any amounts due will be billed to you, and if not paid within 60 days will be added to the lien.

## ADJUSTMENTS TO POLICY

The amount of the lien and any unpaid lien interest will reduce the death benefit otherwise payable upon the death of the Insured. Premiums and Net Cash Surrender Values are unaffected by the lien except that access to Net Cash Surrender Values through policy loans or partial withdrawals is limited to the excess of the Net Cash Surrender Value over the total lien plus any unpaid lien interest. Surrender or lapse of the Policy will require payment of the lien in full or in part.

12
26
12

## CONDITIONS

Payment of an Accelerated Benefit is subject to the following conditions:

13

1. Your written request in a form satisfactory to us. Upon receipt of such request we will 00 mail a claim form for completion by the owner.

2. Written consent, in a form satisfactory to us, by any persons and/or irrevocable beneficiaries, if any, having an interest in this policy, based on our records.

3. Payment of a $50 application fee that will be reimbursed if the Accelerated Benefit is approved.

4. We may require a second medical certification at our expense from a Physician selected by us.

No payment is available if you are required to request it by any third party, including any creditor, governmental agency, trustee in bankruptcy or any other person or as a result of a court action.

## IMPACT ON OTHER RIDERS

If the policy to which this rider is attached also has a Waiver of Premium Benefit then the eligibility conditions for the Waiver Benefit will be deemed satisfied.

## TERMINATION OF RIDER OR POLICY

This rider will terminate on the earliest of:

1. the date we receive a written request from you to terminate this rider; or

2. the date the Accelerated Benefit lien plus accrued interest is higher than the death benefit less any loan and loan interest on the Policy (this will also terminate your Policy); or

3. the date of death of the Insured; or

4. the maturity date of the Policy, if any; or

5. the date the policy terminates for any reason; or

6. the date you receive total accelerated payments of $250,000.

Signed for the Company

Deborah J. Long

**Secretary**

Jim E. Mansardale

**President**

12
26
12

13
00

EXHIBIT "C"

**West Coast Life**
**Insurance Company**
A PROTECTIVE COMPANY
P O Box 2606 • BIRMINGHAM, AL 35202

APR 2 5 2011

**Application for Reinstatement or Policy Change**

Owner's Address _Edwina A Thornton_

Phone _____   E-Mail _____

1  Reinstate Policy No ___Z00957571___ on the lives of ___Edwina A Thornton___

The insured must complete the Declaration of Insurability section below, and both Owner and Insured must sign the application

2  Amend, Endorse or Reissue Policy No ___Z00957571___/on the life of ___Edwina A Thornton___ as follows

_____

_____

(Examples  reduce benefit amount, cancel ADB, etc )

## DO NOT USE THIS APPLICATION TO ADD A SPOUSE RIDER OR CHILDREN'S TERM RIDER...
## USE A STANDARD APPLICATION.

### Declaration of Insurance

| | Insured YES NO | Spouse YES NO |
|---|---|---|
| 1  To the best of your knowledge and belief, have you or any dependents who are insured | | |
| a) Used any form of tobacco since the original policy issue date? (including nicotine substitutes or nicotine products) | ☐ ☑ | |
| Quantity used _____, date last used _____ | | |
| b) Has Spouse (if coverage applied for) used any form of tobacco since the original policy issue date? (including nicotine substitutes or nicotine products) Quantity used _____, date last used _____ | | ☐ ☐ |
| c) Been charged with driving while impaired (alcohol, drugs, other) violation, had a driver's license revoked or suspended or within the last 24 months received 3 or more citations for moving traffic violations? | ☐ ☑ | ☐ ☐ |
| d) Applied for issuance or reinstatement of any policy and been rejected, postponed or rated during the last 5 years? | ☐ ☑ | ☐ ☐ |
| e) Have an application pending in another company? | ☐ ☑ | ☐ ☐ |
| f) Flown as a pilot, student pilot or crew member of any aircraft or have intentions to do so? | ☐ ☑ | ☐ ☐ |
| g) Engaged in parachuting, scuba diving, mountain climbing, racing or other hazardous sport or intend to do so? | ☐ ☑ | ☐ ☐ |
| h) Used intravenous drugs, cocaine, barbiturates, hallucinogens, marijuana, hashish, sought advice or treatment for alcohol or drug use or used illegal drugs or prescription drugs not prescribed by a doctor within the last 5 years? | ☐ ☑ | ☐ ☐ |
| 2  Does any Proposed Insured have any intention to travel or reside outside of the US, Puerto Rico, or Canada? (if yes, complete a foreign Travel questionnaire) | ☐ ☑ | ☐ ☐ |
| 3  Has any of Insured's natural parents and/or siblings, either living or deceased, been diagnosed with or had heart disease, kidney disease, diabetes, cancer, stroke, or any other hereditary disease since the original policy issue date? (If "Yes", indicate family member, illness, age at onset of illness and, if applicable, age at death in Remarks ) | ☐ ☑ | ☐ ☐ |
| 4  Does any Insured receive Medicare or Medicaid? | ☐ ☑ | ☐ ☐ |
| 5  Are all Insureds US Citizens? | ☑ ☐ | ☐ ☐ |
| 6  Has any Insured ever made claim or received indemnity for injury or illness? | ☐ ☑ | ☐ ☐ |

7  a) Insured's current  Height _5' 4"_  Weight _139_

Name, Address, and Phone No  of usual medical advisor (and Doctor last consulted, if different)

_Dr Stephen Brown — 1114 Olive St. Texarkana TX 75501  Phone 903 792 6964_

Date and reason of last visit? _2-10_

What diagnosis and treatment was given or medication prescribed? _Normal — Checkup_

If None, then write None here _____

b) Spouse's (if insured) current  Height _____  Weight _____
Name, Address, and Phone No  of usual medical advisor (and Doctor last consulted, if different)

_____

Date and reason of last visit? _____

What diagnosis and treatment was given or medication prescribed? _____

If None, then write None here _____

WCL-343 (9/08)                    -1-

APR 2 5 2011

|  | Insured YES NO | Spouse YES NO |
|---|---|---|

8  Has any Insured been told since the original policy issue date they had, or received treatment or advice for
   a) abnormal blood pressure or elevated cholesterol? — ☐ ☑ ☐ ☐
   b) chest pain, coronary heart disease, heart attack, heart murmur, abnormal ECG, stroke, transient ischemic attack (TIA), peripheral vascular disease or any other disorder of the heart, blood vessels or cerebrovascular system? — ☐ ☑ ☐ ☐
   c) cancer, tumor, polyps, moles, basal or squamous cell carcinoma, melanoma, leukemia, lymphoma, or any other growth or malignancy? — ☐ ☑ ☐ ☐
   d) diabetes, thyroid disorder, anemia, unusual bleeding, hepatitis, skin disorders, lupus, blood clots, or any other blood or glandular disorder, circulatory disorder, or acute or chronic Hepatitis B or C? — ☐ ☑ ☐ ☐
   e) any disorder associated with the ears, hearing, speech, eyes, nose, throat, lungs or respiratory system, including but not limited to emphysema, pulmonary fibrosis, COPD, or other lung disorders? — ☐ ☑ ☐ ☐
   f) any disorder of the stomach, intestines, rectum, liver, or pancreas, including but not limited to cirrhosis of the liver? — ☐ ☑ ☐ ☐
   g) any injury to or disease of the bones, muscles, joints, eyes, or skin? — ☐ ☑ ☐ ☐
   h) epilepsy, seizures, dizziness, paralysis, coma, multiple sclerosis, Motor Neuron disease (ALS), loss of speech, brain disorder, or any other disease or disorder of the nervous system? — ☐ ☑ ☐ ☐
   i) anxiety, depression, or an emotional, behavioral, mental or nervous disorder? — ☐ ☑ ☐ ☐
   j) any disease or disorder of the kidney, bladder, prostate, or reproductive organs? — ☐ ☑ ☐ ☐
   k) AIDS (acquired immune deficiency syndrome), positive HIV test, or any other immunological disorder? — ☐ ☑ ☐ ☐
   l) breast disorders including lumps, cysts, other physical changes, abnormal mammogram findings or biopsy? — ☐ ☑ ☐ ☐
9  Other than as stated above, has any Insured within the past 5 years
   a) consulted, received treatment or advice from, been prescribed medication by any other medical advisor? — ☐ ☑ ☐ ☐
   b) had any abnormal diagnostic tests (such as but not limited to lab work, PSA - Prostate Specific Antigen, PAP Smears, urinalysis)? — ☐ ☑ ☐ ☐
   c) been aware of any symptoms for which a medical advisor has not yet been consulted? — ☐ ☑ ☐ ☐
   d) been advised to have any diagnostic test, consultation, hospitalization or surgery that has not been completed? — ☐ ☑ ☐ ☐
10 Is there an intention that any party other than the owner will obtain any right, title or interest in any policy issued on the life of the proposed insured as a result of this application? If yes, please explain in the space provided below — ☐ ☑ ☐ ☐
11 **LIST ALL INSURANCE IN FORCE ON EACH PROPOSED INSURED'S LIFE  INCLUDE INSURANCE WHETHER OWNED BY THE INSURED OR NOT  (IF NONE, PLEASE LEAVE BLANK.)**

| Person | Policy # | Company Name | Issue Date | Amount | Purpose (Business/Personal) | Type (Life/ADB/CI) | REPLACEMENT YES | NO |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  | ☐ | ☑ |
|  |  |  |  |  |  |  | ☐ | ☐ |
|  |  |  |  |  |  |  | ☐ | ☐ |

**Please provide details to all questions answered (YES) to questions 1-10 above  Give question number, dates, and if applicable, provide the full name and address of all physicians or practitioners consulted, and all hospital(s) and clinic(s) in which treatment has been received.**

*Edwina A. Thornton*

Any person who knowingly with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which may be a crime and may subject such person to criminal and civil penalties, according to state law.

Date Signed _Edwina A. Thornton_

Witness _____  Insured _Edwina A. Thornton_

Address _520 MC 141 Pepperbtown Ar 7185___  Owner _same_

**IMPORTANT**

Please complete the attached authorizations. Please read and detach the description of information practices and retain for your records

Your application for Policy Change has been approved by the Company  Your policy is amended  This shall be an Endorsement to your policy and shall be proof of such change

Date _____  By _____

Authorized Officer

WCL-343 (9/08)                                   -2-



**West Coast Life**
**Insurance Company**
**A PROTECTIVE COMPANY**

APR 2 5 2011

P.O. Box 830570 • Birmingham, AL 35283

## Continuation of Information for Part I (Non-Medical) and Part II (Medical)

Proposed Insured ___Thornton___   ___Edwin___   ___A___   Policy # ___200957571___
　　　　　　　　　Last Name　　　　　　First Name　　MI

The above statements and answers are true and complete to the best of my knowledge and belief   I agree that such statements and answers shall be part of the application and shall be considered the basis of any insurance issued

Signed at ___Texarkana  Ar___   this ___18___ day of ___4___ Year ___11___

_____   ___Edwina A. Thornton___
Witness Signature　　　　　　　　　Proposed Insured Signature

_____   _____
Owner Signature　　　　　　　　　Signature of Parent or Legal Guardian
WC-U-642 4/07　　　　　　　　　　　　　　　　　　　　　　　R 11/09

Filed 2/6/2017 8:29:29 AM
Billy Fox
District Clerk
Bowie County, Texas
Karen Raney, Deputy

## CAUSE NO. 17C0129-CCL

| | | |
|---|---|---|
| LARRY THORNTON, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | OF |
| WEST COAST LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | BOWIE COUNTY, TEXAS |

### DEFENDANT WEST COAST LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant West Coast Life Insurance Company ("Defendant") answers Plaintiff Larry Thornton's Original Petition and states:

### I.      GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies generally each and every allegation contained in Plaintiff's Original Petition and demands strict proof by a preponderance of the credible evidence thereof.

### II.      REQUEST FOR RELIEF

Accordingly, Defendant respectfully requests judgment be entered for Defendant and against Plaintiff as follows:

1.      That Plaintiff take nothing by his claims; and

2.      That Defendant recovers all costs, together with such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
TX Bar No. 08809050
Catherine M. Maness
TX Bar No. 24098032
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, Texas 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
E-Mail:  jdoan@haltomdoan.com
E-Mail:  cmaness@haltomdoan.com

**ATTORNEYS FOR DEFENDANT**
**WEST COAST LIFE INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I certify that on the 6th day of March, 2017, a true and correct copy of the foregoing was served on Plaintiff via the Court's electronic filing system and a true and correct copy of the foregoing was served on the 6th day of March, 2017, by the method indicated below, to the following:

| | | |
|---|---|---|
| Geoffrey Culbertson, Esq. | (  ) | U.S. Mail, Postage Prepaid |
| Kelly B. Tidwell, Esq. | (  ) | Hand Delivered |
| Patton, Tidwell, & Culbertson, LLP | (  ) | Overnight Mail |
| 2800 Texas Boulevard | (  ) | Facsimile |
| Texarkana, Texas 75503 | (X) | Email |
| Telephone – (903) 792-5859 | | |
| Facsimile  – (903) 792-8233 | | |
| kbt@texarkanalaw.com | | |
| gpc@texarkanalaw.com | | |

***ATTORNEYS FOR PLAINTIFF***

*/s/ Jennifer H. Doan*
Jennifer H, Doan